# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

ALEXANDER JERMAINE ARMALIN,    )
    )
        Plaintiff,    )
    )
        v.    )    CAUSE NO.: 1:15-CV-244 TLS
    )
GRANT COUNTY JAIL, *et al.*,    )
    )
        Defendants.    )

## OPINION AND ORDER

Alexander Jermaine Armalin, a *pro se* prisoner, filed a Second Amended Complaint [ECF No. 14]. In his original complaint [ECF No. 1], he attempted to join claims which arose in the Grant County Jail with claims which arose in the Morgan County Jail. Here, though he mentions events which occurred in the Morgan County Jail, he explains that he is "suing some of the Grant County Jail employees for not providing me with medical attention and subjecting me to an unsafe environment which affected my security and safety." (Second Am. Compl. 1, ECF No. 14.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Armalin does not include a separate section in the amended complaint listing his defendants, but in the relief section he did include a list of defendants from whom he is seeking monetary damages. (Second Am. Compl. 5.) Based on that list, it is clear that in this complaint he is suing Officer Dean, an unknown Officer, Officer Purdy, Corporal Carmichael, Nurse Tracy Law, Captain Lee, and Corporal Kurtpatrick. Though it is understandable that he may not know the names of everyone involved, "it is pointless to include lists of anonymous defendants in federal court . . . ." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Therefore, the unknown officer will be dismissed. If Armalin is able to learn the name of this defendant in the future, he may file a motion asking for leave to file an amended complaint to which he attaches an amended complaint setting forth his claim(s) against that officer as well as the other officers he is suing at that time.

Armalin alleges that while he was a pretrial detainee at the Grant County Jail, he was attacked by the same inmate in August 2014 and on January 14, 2015. (Second Am. Compl. 1–2.) "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Here, Armalin does not allege that any of the defendants sought to punish him by housing him with the inmate who attacked him. Nevertheless, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*, 441 U.S. at 561). However, when judging what is rationally related or what is excessive, "prison administrators [are] accorded wide-ranging

deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547.

The first time that Armalin was attacked by his cell mate, he and Babbitt had been housed together for "less than six hours" when they got into a fight because Babbitt was stealing his property. (Second Am. Compl. 1–2.) Though unfortunate, these facts give no indication that any defendant acted irrationally when assigning cell mates. Following the attack, Babbitt was relocated to another dorm for more than three and a half months. Then on January 14, 2015, "the administration committee at the Grant County Jail assigned inmate Babbitt to [a] cellblock . . . where he was able to come in direct contact with [Armalin]." (*Id.* at 2.) That same day, they fought again. Armalin alleges that for months he had been told by other inmates that Babbitt was going to attack him again, but there is no indication that anyone on the administration committee knew about these threats. Moreover, there is no indication that any of the Defendants were on the administration committee that made this decision.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Because this complaint does not allege facts from which it can be plausibly inferred that any of the Defendants were involved in the relocation of Babbitt or that doing so was irrational, Armalin has not stated a claim for failing to protect him.

Armalin also alleges that he was denied medical treatment following the attack on January 14, 2015. On that day, he alleges that he notified Defendants Officer Dean, Corporal Carmichael, Captain Lee, and Corporal Kurtpatrick "that my left hand was in severe pain, my lip was cut, and that it was difficult for me to see out of one eye." (Second Am. Compl. 3.) He alleges that despite his requests for help, he was not allowed to see a health care provider. Armalin alleges that on January 15, 2015, he asked Officer Purdy and Corporal Carmichael for medical attention, but was refused because he was being transferred to another jail. After he returned to the Grant County Jail, he asked Corporal Kurtpatrick for medical attention. Corporal Kurtpatrick told him that he would get to see a medical provider, but he was placed in solitary confinement and did not receive any medical attention. Although there may have been legitimate reasons why some or all of these defendants did not have Armalin examined by a medical professional, he has plausibly alleged that their inaction was not rationally related to a legitimate nonpunitive governmental purpose.

After he was released from solitary confinement, he went to the medical unit and was examined by Nurse Tracy Law. Though she said that she though his injuries were minor, she scheduled him for an x-ray two days later. Despite Armalin's assertion that he had to argue with her to get the x-ray scheduled and that he wanted it done sooner, based on the facts alleged, it

would not be reasonable to infer that her timing was intended to punish him or was otherwise irrational. Prisoners are "not entitled to demand specific care," nor are they "entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Armalin argues that she was unprofessional in the way she worked with him, but a lack of professionalism (while regrettable) does not state a claim for a constitutional violation.

For these reasons, the court:

(1) **GRANTS** Alexander Jermaine Armalin leave to proceed against Officer Dean, Corporal Carmichael, Captain Lee, and Corporal Kurtpatrick in their individual capacities for compensatory damages for denying him medical treatment on January 14, 2015, in violation of the Fourteenth Amendment;

(2) **GRANTS** Alexander Jermaine Armalin leave to proceed against Officer Purdy and Corporal Carmichael in their individual capacities for compensatory damages for denying him medical treatment on January 15, 2015, in violation of the Fourteenth Amendment;

(3) **GRANTS** Alexander Jermaine Armalin leave to proceed against Corporal Kurtpatrick in his individual capacity for compensatory damages for denying him medical treatment on the day he returned to the Grant County Jail from the Morgan County Jail in violation of the Fourteenth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Grant County Jail, Sheriff Reggie Nevels, Medical Staff Tracey Law, Morgan County Jail, Jail Commander David Rogers, Medical Staff Racheal, Lt. Kathy Lee, Sheriff Daryl Himelick, Cpt. Randy Albertson, Cpl. Kirkpatrick, Cpl. Purdy, and Officer Rumple;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer Dean, Corporal Carmichael, Captain Lee, Corporal Kurtpatrick, and Officer Purdy to the United States Marshals Service along with a copy of the Second Amended Complaint [ECF No. 14] and this Order;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Dean, Corporal Carmichael, Captain Lee, Corporal Kurtpatrick, and Officer Purdy; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Dean, Corporal Carmichael, Captain Lee, Corporal Kurtpatrick, and Officer Purdy respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 19, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT